**MONTGOMERY AMATUZIO**
**CHASE BELL JONES, L.L.P.**
Marianne LaBorde, WY Bar No. 7-4785
4100 E. Mississippi Ave, 16th Floor
Denver, Colorado  80246
(T) 303-592-6600; (F) 303-592-6666
mlaborde@mac-legal.com
ATTORNEYS FOR
DEFENDANT TARGET STORES,
A DIVISION OF TARGET CORPORATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| **VIOLET NEIGHBORS**, an individual     ) | |
|                                                                    ) | |
|         Plaintiff,                                             ) | |
|                                                                    ) | |
| vs.                                                             ) | **Case No.** _____ |
|                                                                    ) | |
| **TARGET CORPORATION**, a Minnesota ) | |
| Corporation                                                ) | |
|                                                                    ) | |
|         Defendant.                                         ) | |
|                                                                    ) | |

### NOTICE OF REMOVAL

COMES NOW Defendant, Target Stores, a division of Target Corporation ("Target"), by and through its attorney of record, Marianne LaBorde of Montgomery Amatuzio Chase Bell Jones, LLP, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  As grounds, Target states as follows:

1. On January 19, 2021, Plaintiff Violet Neighbors ("Neighbors") filed a Complaint against Target in the District Court, First Judicial District, County of Laramie, State of Wyoming.  *See* **Exhibit A**, State Court Complaint.  The Complaint asserts liability against Target based on

1

allegations that Plaintiff tripped and fell in a pothole in the parking lot outside of the mall where Target's store is located, and sustained "catastrophic injuries that will forever affect her life". *Id.,* ¶ 11. Plaintiff seeks unspecified damages citing allegations that she "was seriously injured and has suffered damages, which are above the jurisdictional minimum of this Court, and which include: (a) pain and suffering in the past, present, and future; (b) loss of enjoyment of life in the past, present, and future; and (3) medical expenses in the past, present and future." *Id.,* ¶ 18 (subparts (a)-(c)).

    2.    Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over all civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Title 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [ ] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("*Dart*") (quoting 28 U.S.C. § 1446(a)). The Civil Cover Sheet for this removal is attached hereto as **Exhibit B.**

    3.    The diversity requirement of § 1332(a) is satisfied here. Plaintiff is, and was at the time of the alleged incident, a resident of Laramie County, Wyoming. Ex. A, ¶ 3. Target is a citizen of the State of Minnesota, with its place of incorporation and principal place of business in the State of Minnesota. *See* **Exhibit C,** Target's Wyoming Secretary of State Corporate Summary. Since the parties are completely diverse, this matter is removable pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

4. On February 18, 2021, Plaintiff filed an Amended Complaint adding CBL & Associates as a party. Target did not oppose the amendment. Even after the new party is added, there will still be diversity between the Plaintiff and all Defendants, as CBL & Associates is a foreign corporation whose principal place of business is in Tennessee. See **Exhibit D**, CBL & Associates, Inc.'s Wyoming Secretary of State Corporate Summary.

5. The amount in controversy requirement of § 1332(a) is satisfied when the allegations in the Complaint satisfy the jurisdictional requirement. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart*, 135 S.Ct. at 549. "The amount in controversy ... is not 'the amount the plaintiff will recover,' but rather an 'estimate of the amount that will be *put at issue* in the course of the litigation.' *Miller v. Am. Royal Ass'n, Inc.,* No. 14-CV-54-F, 2014 WL 3812317, at *2 (D. Wyo. May 22, 2014) (quoting *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1245 (10th Cir.2012)) (*internal citations omitted*). The removing party bears the burden "to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional minimum]." *Id.* (citing *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.2012)) (*internal citations omitted*). When a plaintiff requests "undefined damages"… "the defendant must 'prove ... jurisdictional facts by a preponderance of the evidence' to remain in federal court." *Id.* (*internal citations omitted*). Incurred medical expenses have been used to establish the minimum amount in controversy in the notice of removal for purposes of 28 U.S.C. § 1446(c)(2)(B). *Kilts Contracting, Inc. v. Anadarko Petroleum Corp.,* No. 14-CV-215-SWS, 2014 WL 11510240, at *6 (D. Wyo. Dec. 4, 2014). Accordingly, defendants may use documents that show a plaintiff's

estimate of her claim as a way to support a notice of removal. *See McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

6. Here, the initial filings and pre-suit settlement demand establish the amount in controversy for removal. The Complaint alleges that Plaintiff suffered serious injuries due to the subject incident and damages including for pain and suffering, loss of enjoyment of life and medical expenses in the past, present and future. Ex. A, ¶ 18 (subparts (a)-(c)). Additionally, Plaintiff sent a settlement demand to Target, dated December 22, 2020, alleging that Plaintiff has sustained "over $151,000 in medical bills" because of the alleged trip and fall. **Exhibit E, p. 2,** Settlement Demand. Plaintiff further claimed damages in the form of additional pain and suffering and permanent impairment and demanded $850,000 to "settle this claim". *Id.* Thus, to the extent the initial filings do not demonstrate the requisite amount in controversy for diversity jurisdiction, Plaintiff's settlement demand does, and removal is appropriate.

7. The timing for removal is controlled by § 1446(b), which provides:

[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Target was served at its registered agent with the subject Complaint and Summons on January 27, 2021. **Exhibit F,** Return of Service. Thus, this Notice of Removal is timely, as Target filed within thirty days after service of the initial pleading which provided Target with sufficient information to ascertain removability.

8. Pursuant to 28 U.S.C. § 1446(d), Target will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

9. By filing this Notice of Removal, Target does not waive any defenses that may be available to it.

WHEREFORE, Target hereby removes this action to the United States District Court for the District of Wyoming.

Respectfully submitted February 22, 2021.

                MONTGOMERY AMATUZIO CHASE
BELL JONES, LLP

By: *s/ Marianne LaBorde*
     Marianne LaBorde

Attorney for Defendant Target Stores, a Division of Target Corporation

## CERTIFICATE OF SERVICE

I hereby certify that, on February 22, 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was prepared for service to the following in the manner indicated below:

Clerk of the Wyoming District Court
First Judicial District
County of Laramie
P.O. Box 787
Cheyenne, WY 82003-0787

☒ U.S. Mail    ☐ E-Mail    ☐ ECF

*Counsel for Plaintiff:*
Jason Johnson, Esq.
Justin Kallal, Esq.
Davis, Johnson & Kallal, LLC
1807 Capitol Avenue, Suite 200
Cheyenne, WY 82001

☒ U.S. Mail    ☐ E-Mail    ☐ ECF

    *s/ Lisa M. Gruning*
[Signature on File: Lisa M. Gruning]